Judge Underwood
delivered the opinion of the Court.
Cravens, Davis, and Gray, sold a tract of land to Wm. Harrison, and executed their obligation to him for a title. Harrison executed a note to Cravens for $3b0, in part of the purchase money for the land. Cravens assigned this note to Davis, who assigned it to Boqldin, who assigned it to Payne, who recovered a judgment thereon, against Harrison. After the judgment, Harrison filed his bill in Chancery, against Cravens, Davis, Gray, and Payne, with injunction, praying for a recision of the .contract, and a perpetual injunction of the judgment, at law, upon the ground that Cravens, Davis, and Gray, were unable to make a title, and that the land was “lost S' having been recovered by Pyle’s lessee, in an action pf ejectment again Cravens and Harrison,
A person who is not made def’t. should not be permitted to thrust his answer into the cause.
The measure of assignor’s responsibility in case of a perpetual injunction to the judgment at law, is the consideration paid by as-signee, for the note, and interest thereon.
At the July term, 1820, the circuit court de* cree£l a perpetual injunction, in favor of Harrison, a dissolution of the contract. The court also decreed, that Bouldin should recover of Davis, and Davis should recover of Cravens, $350, with interest, /rom the 6th January 1817;that being the amount ofHar-rison’s note, and also, that Bouldin should recover of Cravens the costs of the chancery suit, and the costs of the suit at law.
At the July term, 1821, thecourt rendered a judgment in favor of Harrison, against all the defendants, to his bill, for the costs expended by him in the pros-, ecution of the Chancery suit; stating on the record, as the reason for doing so, that it appeared from an examination of the decree, rendered a year before, that it had been omitted. This seems to have been done on the motion of Harrison. To reverse these proceedings, Cravens and Davis have prosecuted a writ of error.
There are many errors in the record. In the first-place, Bouldin was not made a defendant in Harrison’s bill. He should not, on that account, have been permitted to have thrust his answer into the cause. But when his answer was in, it does not appear that he impleaded Davis by it, although the court gave a decree in his favor against Davis. No process was served on Davis, to respond to the answer of Bouldin, in the nature of a cross bill, neither does Bouldin’s answer state the measure of responsibility, which Davis was under, in consequence of the assignment. Bouldin only says, he gave a valuable consideration for the note on Harrison, without stating how much. Davis in his answer, says, Bouldin only paid him $100. There is no proof, and yet the court decree against Davis $350, and interest. Davis, upon the assignment, was not liable to Bouldin for more than the amount of the consideration, and interest ■ thereon, upon which the assignment was made. This matter has not been litigated between them. It was, therefore, improper to have given a decree, for any thing, in favor of Bouldin against Davis. There is still less ground to justify the decree in favor of Davis against Cravens. Davis does not ask for any *191 decree in bis answer against Cravens, nor does Davis make his answer a cross bill.
^terhwT” judgment for costs,one rendition^ final decree, j^^par" ties any notice, is error,
The answer ofonedePt. in chancery, a atnsThi”06 co-dc.pt., nor' is the silence °a¿netaef,t‘ king the bill, pro con/esso, an^íTídenGe ;t"ain't h1sG co-def’t.
The rendition of a judgment for costs in behalf of Harrison, and upon his motion, one year after the parties were out of court, and without any notice to them, was clearly erroneous.
Payne and Bouldin, in their answers, deny having any knowledge of the consideration upon which the note was executed by Harrison; and they deny having knowledge of the facts alledged in the bill, upon which Harrison's equity is based, and require full proof. Davis admits the statements of the bill to be true, in his answer, and the bill is taken for confessed against Cravens and Gray. The complainant, Harrison, fails to make any proof. In this state of the case, it was error to perpetuate Harrison’s injunction, The answer of Davis, was no evidence against Boul-din and Payne, much less could the silence of Cravens and Gray, operate as evidence against them. It was the duty of Harrison, to have proved that the note executed by him, was given in consideration of the land; and then, if it appeared to the court, that his vendors were unable to make title, or that Harrison and Cravens had been evicted, by title superior, and paramonut,the court should have given relief. It appears, that Bouldin, in the progress of the cause, settled with Payne, and became entitled to the judgment against Harrison. Upon the return of the cause, Bouldin ought to be made a party.
It is objected, that the bill shows no equity, because it does not aver an eviction by title, superior and paramount. Although the averment upon that subject, is not expressed in the most appropriate terms, yet, we think it is in substance good. It is avered that the land was lost,and that, by the judgment of the court, the title was in Pyle.
The decree and judgments of the circuit court, are reversed, and the cause remanded, with directions to grant Harrison leave to amend his bill, so as to make Bouldin a party, and for proceedings to be had, not inconsistent with this opinion; and if he should not, within a reasonable time, make Bouldin a party, *192 then to dismiss his bill, without prejudice, and dis* s0^ve h*s injunction, with costs and damages.
Monroe, for plaintiffs; Crittenden, for defendants.
The plaintiffs in error, must recover their costs.